IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT E. MOECKEL, individually and on behalf of the John Morrell Employee Benefits Plan, similarly situated Plans, and other participants and beneficiaries similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>CAREMARK, INC.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)   Civil No. 3:04-0633<br>)   Judge Trauger<br>)   Magistrate Judge Knowles<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM and ORDER**

Defendant Caremark, Inc. has filed a Motion for Certification of Interlocutory Appeal, To Amend Order And To Stay Case Pending Appeal (Docket No. 71), to which the plaintiff has responded in opposition (Docket No. 73).

Certification of an interlocutory appeal is allowed under 28 U.S.C. § 1292(b):

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.
> . . .

The Sixth Circuit has clearly set forth the criteria for the district court's decision:

> To obtain permission to appeal pursuant to § 1292(b), the petitioner must show that: (1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the district court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation. *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974). Review under § 1292(b) should be sparingly granted and then only in exceptional cases. *Kraus v. Board of Co. Road Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966).

*Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993).

1

The defendant seeks an interlocutory appeal of this court's lengthy ruling denying most aspects of its Motion to Dismiss (Docket No. 69). The defendant seeks to justify an appeal on the ground that other district courts in other circuits have ruled differently from this court on issues similar to those raised in its Motion to Dismiss. This court based its decision upon the law of this circuit and does not find that there is a substantial ground for difference of opinion on the issues decided by this court within this circuit. Moreover, an immediate appeal would not materially advance the ultimate termination of the litigation. This court has ruled, that under Sixth Circuit precedent, the determination of whether the defendant is an ERISA fiduciary is a mixed question of fact and law. Discovery must proceed so that that issue may be determined, in the first instance, by this court. Then, the appellate court will be in a position to affirm or reverse this court's judgment on that issue with the required factual record before it.

The defendant has persuaded other courts in other circuits to grant its motions to dismiss but failed to so persuade this court. That fact cannot serve as a basis for an interlocutory appeal. This is not one of those exceptional cases justifying an interlocutory appeal of a motion to dismiss. The defendant's Motion for Certification of Interlocutory Appeal, To Amend Order and To Stay Case Pending Appeal (Docket No. 71) is **DENIED**.

It is further **ORDERED** that the responsibilities for case management of this case are **WITHDRAWN** from the Magistrate Judge; Judge Trauger will manage the progress of this case. By separate notice, a case management conference is being scheduled before Judge Trauger so that appropriate deadlines may be established.

It is so **ORDERED**.

ENTER this 22nd day of September 2005.

ALETA A. TRAUGER
U.S. District Judge

2
Case 3:04-cv-00633 Document 74 Filed 09/22/05 Page 2 of 2 PageID #: 101